UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC LITTLETON,

      Plaintiff,

v.

JOHN DOE,
KATELYN CAIRNDUFF,
ROGER HUNTER,
UNKNOWN LYONS,
UNKNOWN MILLER,
MARIA MONTGOMERY, and
UNKNOWN WYATT,

      Defendants.

Case No. 2:24-cv-10333
District Judge Jonathan J.C. Grey
Magistrate Judge Anthony P. Patti

_____/

## ORDER REQUIRING THE MDOC TO ASSIST WITH IDENTIFICATION OF DEFENDANTS JOHN DOE & UNKNOWN MILLER

**A.    Background**

Eric Littleton (#596447) is currently located at the Michigan Department of Corrections (MDOC) Gus Harrison Correctional Facility (ARF).  In February 2024, while located at ARF, Plaintiff filed the instant complaint against seven (7) Defendants – John Doe, Katelyn Cairnduff, Roger Hunter, Unknown Lyons, Unknown Miller, Maria Montgomery, and Unknown Wyatt – each described as associated with the MDOC's Woodland Center Correctional Facility (WCC). (ECF No. 1, PageID.2-3, 14, 16, 18-21.)

Plaintiff is proceeding *in forma pauperis*; thus, the United States Marshal Service (USMS) is facilitating service of process. (ECF Nos. 2, 4, 5, 8-11, 14-15.) Defendants Katelyn Cairnduff, R.N., and Maria Montgomery, L.P.N. – later identified as contractual employees of MDOC through ATC Healthcare (ECF No. 19, PageID.120, 127-128) – and MDOC Defendants Roger Hunter, Herbert Lyons, and Anthony Wyatt have appeared via counsel (ECF Nos. 12, 13, 16). Their motions for summary judgment (ECF Nos. 18, 19), as to which briefing is now closed (*see* ECF Nos. 21, 22, 23), will be addressed under separate cover.

## B.   Defendants John Doe and Unknown Miller

The other two Defendants – John Doe and Unknown Miller – require further identification. Plaintiff describes Defendant John Doe as a male Woodland Center Correctional Facility (WCC) transportation officer who, *inter alia*, transported Plaintiff from WCC to Macomb Correctional Facility (MRF) on December 10, 2021. (ECF No. 1, PageID.2, 14, 18, 23, 26 ¶¶ 18, 19, 20.) Understandably, the acknowledgment paperwork sent to the USMS did not contain a waiver of service for Defendant John Doe (*see* ECF No. 8); thus, this matter is at a standstill as to Defendant John Doe.

Plaintiff describes Unknown Miller as a male WCC Corrections Officer (Sergeant) who, *inter alia*, "arrived in the shower cage to prepare Plaintiff Littleton for transport . . . [,]" on December 10, 2021. (ECF No. 1, PageID.14, 16, 20, 23,

24 ¶¶ 6.)  It seems the February 14, 2024 notice of waiver addressed to "Corrections Officer Miller" (*see* ECF No. 8, PageID.64) was not fruitful, because, on July 23, 2024, the USMS mailed a request for waiver to "Tamkeia Miller" (ECF No. 28).  The AAG signed Tamkeia Miller's waiver on August 1, 2024 (ECF No. 29), and, on October 3, 2024, Tamkeia Miller appeared via counsel (ECF No. 30), filed a demand for trial by jury (ECF No. 31), and also filed a motion for summary judgment (ECF No. 32).  However, on October 30, 2024, Plaintiff filed a letter, suggesting that "you have the incorrect Defendant[,]" as the Miller he listed in his complaint "is a male – not a woman[,]" and contending he has "never encountered a corrections office/sergeant named Tamkeia Miller[,]" (ECF No. 33); thus, it appears Tamkeia Miller is not the Unknown Miller named in Plaintiff's complaint.

## C.   Order

In order to facilitate Plaintiff's identification of Defendants John Doe and Unknown Miller, each of whom appears to be an MDOC employee, and taking into consideration the above descriptions within Plaintiff's pleading as to the alleged events of December 10, 2021, the MDOC **SHALL** conduct a reasonable inquiry into its records (*e.g.*, transportation logs, *etc.*) and inform the Court of further identifying information.  The MDOC **SHALL** do so, in writing, no later than **Monday, December 23, 2024.**

**IT IS SO ORDERED.**[1]

Dated:  December 2, 2024

                                _____

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).