UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC LITTLETON,

    Plaintiff,

v.

JOHN DOE, KATELYN
CAIRNDUFF, ROGER HUNTER,
UNKNOWN LYONS, UNKNOWN
MILLER, MARIA MONTGOMERY,
and UNKNOWN WYATT,

    Defendants.
_____/

Case No. 24-10333
Honorable Jonathan J.C. Grey
Magistrate Judge Anthony P. Patti

**ORDER ADOPTING REPORT AND RECOMMENDATION (ECF No. 42), DENYING MDOC DEFENDANTS WYATT, LYON & HUNTER'S EXHAUSTION-BASED MOTION FOR SUMMARY JUDGMENT (ECF No. 18), AND GRANTING DEFENDANTS CAIRNDUFF AND MONTGOMERY'S EXHAUSTION-BASED MOTION FOR SUMMARY JUDGMENT (ECF No. 19)**

**I.    INTRODUCTION**

Pro se Plaintiff Eric Littleton filed this 42 U.S.C. § 1983 lawsuit against multiple defendants based on alleged denial of medical care. (ECF No. 1.) On April 11, 2024, Defendants Hunter, Lyons, and Wyatt ("MDOC Defendants") filed a motion for summary judgment on the basis of exhaustion. (ECF No. 18.) On April 15, 2024, Defendants Cairnduff

and Montgomery filed a motion for summary judgment on the basis of exhaustion. (ECF No. 19.) The motions were fully briefed.

This matter comes before the Court on Magistrate Judge Anthony P. Patti's Report and Recommendation dated February 25, 2025 (the "R&R"). (ECF No. 22.) In the R&R, Judge Patti recommends that the Court deny the MDOC Defendants' motion for summary judgment and grant the motion for summary judgment filed by Defendants Cairnduff and Montgomery. Only the MDOC Defendants filed an objection to the R&R. (*See* ECF No. 50.)

## II. ANALYSIS

In their objection, the MDOC Defendants contend that Judge Patti erred when finding that Littleton had exhausted his claims against them when Littleton did not name them in his initial (Step I) grievance and first named them in his Step II grievance. The MDOC Defendants argue that a prisoner must properly exhaust administrative remedies as defined by the prison grievance process, including all steps of the MDOC process. (ECF No. 50, PageID.368 (citing *Jones v. Bock*, 549 U.S. 199, 218 (2007), and *Surles v. Andison*, 678 F.3d 452, 455 (6th Cir. 2012)). The MDOC Defendants insist that means all persons involved must be named

2

the Step I grievance to constitute exhaustion. (ECF No. 50, PageID.368–369 (citing *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010); *Brown v. McCullick*, No. 18-2226, 2019 WL 5436159, at *3 (6th Cir. Apr. 23, 2019)).) The MDOC Defendants further assert that Littleton could have tried to identify them in the Step I grievance by their positions or actions, even if he did not learn their names until after the deadline to file a grievance. (ECF No. 50, PageID.369–371 (citing *Lee v. Wiley*, 789 F.3d 673, 680–681 (6th Cir. 2015).)

The Court disagrees with the MDOC Defendants' arguments and finds that Judge Patti's thorough and well-reasoned R&R sufficiently and accurately addressed and denied the MDOC Defendants' arguments. Nonetheless, as a court must conduct a de novo review of portions of the Report and Recommendation to which a party objects, *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987), the Court makes the following observations and conclusions and denies the MDOC Defendants' objection.

First, although it is undisputed that Littleton did not name the MDOC Defendants in his initial grievance, he had no way of knowing

3

their names at the time of the underlying incident (on December 10, 2021) or when he signed the Step I grievance (on December 14, 2021). Within hours of the underlying incident, during which time he allegedly was suffering a cut on the face after his head hit the ground, Littleton was transferred from the Woodland Correctional Center Facility ("WCC") where the incident occurred to Macomb Correctional Facility ("MRF"). In other words, within hours of the underlying incident, Littleton lost the ability to communicate with anyone at WCC to ascertain the persons involved in the incident.

Second, although there is no suggestion that Littleton knew any of the MDOC Defendants involved in the underlying incident when he signed the Step I grievance, it was not for lack of effort. On the same date he signed the Step I grievance (December 14, 2021), Littleton requested his medical records from the MDOC to learn the names of health care staff and others involved in the underlying December 10, 2021 incident and Littleton's transfer from WCC to MRF (which included the MDOC Defendants). (ECF No. 21, PageID.172; ECF No. 22, PageID.221–222.)

Third, contrary to what the MDOC Defendants argue and despite his inability to name the MDOC Defendants in his Step I grievance,

4

Littleton put the MDOC on notice of the deficient medical care issue when he wrote in the Step I grievance that he suffered:

> a deep cut above my right eye. And face. I was then released and transported to Macomb Correctional Facility "MRF" without being medical[ly] cleared by a doctor. Soaked in blood. When I ar[r]ived at "MRF"[,] Health care had to im[m]ediately send me to Macomb E.R. to receive 8 stitches for my face.

(ECF No. 18-4, PageID.118.) In his Step II grievance, filed after receiving a response from the MDOC regarding the underlying incident on December 10, 2021, Littleton specifically named each of the MDOC Defendants (Hunter, Lyons, and Wyatt).

Fourth, in this case, when Littleton's Step II grievance was denied, there was no suggestion that it was denied for failing to add any of the MDOC Defendants' names in the Step I grievance. The Step II grievance response stated, "[r]equest for investigations are handled appropriately," and "[i]ssue will be investigated and handled administratively." (ECF No. 18-3, PageID.113.)

As Judge Patti recognized, the Court may "refuse[] to enforce procedural requirements when 'prison officials decline to enforce their own procedural requirements and opt to consider otherwise-defaulted claims on the merits.'" *Lee*, 789 F.3d at 681 (quoting *Reed-Bey*, 603 F.3d

5

at 325). This is particularly true where there is a merits-based decision. *Reed-Bey*, 603 F.3d at 325 ("When prison officials decline to enforce their own procedural requirements and opt to consider otherwise-defaulted claims on the merits, so as a general rule will we."); *Broder v. Corr. Med. Servs., Inc.*, No. 03- 75106, 2008 WL 704229, at *10 (E.D. Mich. Mar. 14, 2008) (Battani, J., adopting report and recommendation of Komives, M.J.) ("Where the prison officials themselves overlook a prisoner's failure to comply with procedural requirements and address the prisoner's grievance on the merits, the procedural default rule established by *Woodford* is inapplicable.").

For these reasons, the MDOC Defendants' argument that the Step II denial (or Step III denial) did not mention any of them by name is not persuasive. It was not within Littleton's control whether the MDOC Defendants were discussed in those decisions. It was the responsibility of MDOC officials to deny claims against the MDOC Defendants based on any procedural default by Littleton—and the MDOC officials did not do so. As the MDOC did not reject Littleton's grievance due to a procedural deficiency, the Court declines to do so now. *Reed-Bey*, 603 F.3d at 325.

For the reasons stated above, the Court declines to grant summary

6

judgment in the MDOC Defendants' favor based on Littleton's alleged failure to exhaust his claims against them and **DENIES** their objection.

Finally, as to the portion of the R&R devoted to the motion for summary judgment filed by Defendants Cairnduff and Montgomery, the Court finds that Judge Patti reached the correct conclusions for the proper reasons.

### III. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that the Report and Recommendation dated February 25, 2025 (ECF No. 42) is **ADOPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that the MDOC Defendants' objection to the February 25, 2025 Report and Recommendation (ECF No. 25) is **DENIED**.

**IT IS FURTHER ORDERED** that the MDOC Defendants' motion for summary judgment on the basis of exhaustion (ECF No. 18) is **DENIED**.

**IT IS FURTHER ORDERED** that the motion for summary judgment on the basis of exhaustion filed by Cairnduff and Montgomery (ECF No. 19) is **GRANTED**.

**SO ORDERED**.

DATED: March 19, 2025

<u>s/Jonathan J.C. Grey</u>
JONATHAN J.C. GREY
United States District Judge

## **Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 19, 2025.

                          s/ S. Osorio
                          Sandra Osorio
                          Case Manager